**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

IN RE:    Benjamin NMN Flowers, Sr.        Case Number: 3:18-bk-33684
         Shamiyeh Alicia Flowers            Chapter 13

OBJECTING PARTY: Ralph Tate

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

2. _X_    Plan not proposed in good faith. 11 U.S.C § 1325(a)(3). Plan does not accurately reflect amount of debt in arrears. Plan claims $9,800.00 as Amount of Arrearage. Actual Amount of Arrearage is $20,761.62, itemized as follows:

   17 months of non-payment of installment payment of $845.88 = $17,739.96;
   (Installment Payment Due on Note:   $599.55)
   (City Taxes:                          41.91)
   (County Taxes:                        35.67)
   (Insurance:                          118.75)
   (Maintenance:                         50.00)
   Total:                             $845.88

   17 months of late payments of $29.98 (5% of 599.55)=        509.61

   Other Fees:                                              2,512.05
   (Filing Fees:                         70.00)
   (Management Fees:                    603.00)
   (Postage and Delivery:                 1.50)
   (Advertising:                        474.00)
   (Legal Fees:                       1,363.55)

   Total:
                                                          20,761.62

   In addition, proposed repayment schedule extends beyond the maturity date of the note. Note was executed on June 15, 2017. Payments were due on the first of each month. Note is due in full on June 1, 2022.

5. _X_    The plan is not feasible. 11 U.S.C. § 1325(a)(6). The plan is not feasible for the reasons set forth in Creditor's objection in paragraph No. 2, above.

12. _X_   Lack of adequate protection, either in monthly payment on secured debt or absence of insurance. The plan does no provide adequate protection to the Creditor for the reasons set forth in Creditor's objection in paragraph No. 2, above and, upon information and belief, the required casualty insurance may have lapsed.

14. _X_      Security interest in principal residence is impermissibly modified, no mortgage arrearage, or mortgage default is not cured within a reasonable time. 11 U.S.C. § 1322(b)(2). The security interest in principal residence is impermissibly modified, does not accurately reflect the mortgage arrearage and the mortgage default is not cured within a reasonable time for the reasons set forth in Creditor's objection in paragraph No. 2, above.

By signing this objection, I certify that I have given notice of this objection to the debtor(s) and their attorney at the meeting of the creditors:


__/s/ Michael H. Fitzpatrick_____
 P. Timothy Grandchamp BPR 034688
Michael H. Fitzpatrick BPR 006033
**QUIST, FITZPATRICK & JARRARD, PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, Tennessee 37929-2121
(865) 524-1873
PTG@QCFLAW.COM

## **CERTIFICATE OF SERVICE**

I certify that a true and complete copy of **Creditor, Ralph Tate's, Objection to Confirmation Chapter 13 Plan,** were served via

       \_\_\_\_ E-mail

       __X__ Electronic Filing

       __X__ Regular U. S. Mail

       \_\_\_\_\_ Overnight Delivery

       \_\_\_\_\_ Hand Delivery

upon the following persons:

Zachary S. Burroughs
Joseph D. McReynolds
Clark & Washington, LLC
408 S. Northshore Drive
Knoxville, Tennessee 37919

Benjamin Flowers, Sr.
Shamiyeh Alicia Flowers
3002 Prentice Avenue
Knoxville, Tennessee 37914

Gwendolyn M. Kerney
P.O. Box 228
Knoxville, Tennessee 37901
Bankruptcy Trustee

On the **8th** day of **January, 2019.**

                                                          *P. Timothy Grandchamp*
                                                       /s/ P. Timothy Grandchamp_____

                                                         P. Timothy Grandchamp  TN BPR # #034688